ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

June 3, 2014

Mr. David Slayton
Administrative Director
Office of Court Administration
205 West 14th Street, Suite 600
Austin, Texas 78711-2066

Opinion No. GA-1063

Re: Assessment and distribution of criminal court costs (RQ-1171-GA)

Dear Mr. Slayton:

You ask ten questions concerning the assessment and distribution of criminal court costs in various circumstances.[1] Some of your questions are general in nature, asking about the imposition of "court costs" and "fees" without reference to any specific statute. At the outset, we note that the Legislature has enacted statutes imposing court costs and fees throughout various codes, and the language in each statute is unique, making it impossible in many instances to make blanket statements about the assessment and distribution of court costs and fees. *See, e.g.*, TEX. TRANSP. CODE ANN. § 542.403(a) (West 2011) (imposing a $3 court cost on any person convicted of certain misdemeanors, regardless of the court of conviction); TEX. CODE CRIM. PROC. ANN. art. 102.014(c) (West Supp. 2011) (imposing a $25 court cost on a person convicted of specific offenses if the offenses occur in a school crossing zone, but authorizing assessment of the cost "only in a municipality"). Thus, we cannot provide definitive answers to all of your questions asked but will provide guidance to the extent possible.

Your first three questions address instances when a defendant is convicted in a municipal court of record and appeals to a county-level court, which affirms the judgment of the municipal court of record. Request Letter at 2–3; *see also* TEX. GOV'T CODE ANN. § 30.00014(a) (West Supp. 2013) (granting county courts "jurisdiction of appeals from a municipal court of record"); TEX. CODE CRIM. PROC. ANN. art. 45.042(a) (West 2006) ("Appeals from a . . . municipal court . . . shall be heard by the county court[.]"). You first ask whether the defendant will owe only the court costs assessed at the municipal court level, or whether the defendant will also incur "additional costs that are assessed for convictions in county-level courts such as the $40 court cost assessed for the services of the county clerk under article 102.005 of the Code of Criminal

---

[1]*See* Letter from David Slayton, Admin. Dir., Office of Court Admin., to Honorable Greg Abbott, Tex. Att'y Gen. at 1–7 (Dec. 5, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

Procedure." Request Letter at 2. The fees imposed under article 102.005 apply to a "defendant *convicted* of an offense in a county court." TEX. CODE CRIM. PROC. ANN. art. 102.005(a) (West 2006) (emphasis added). A county-level court that affirms the judgment of a municipal court of record is not itself "convicting" a defendant but is instead affirming the conviction adjudged by the municipal court of record.[2] Thus, a defendant seeking appellate review at the county-court level of a conviction from a municipal court of record would not be subject to the fees imposed under article 102.005 or any other court costs or fees that are imposed only against a defendant convicted in a county court.[3]

With regard to this same scenario, you also ask whether "any part of the court costs collected from the defendant [is] directed to the county," and which entity, the city or county, would be responsible "for collecting the court costs and directing the court costs intended for the State to the Comptroller." Request Letter at 3. Your questions do not reference any specific court cost. Determining to which entity each court cost or fee shall be directed, and which entity is responsible for collecting those costs intended for the Comptroller, will require analyzing the specific language of the statute imposing the particular cost or fee. *See, e.g.*, TEX. LOC. GOV'T CODE ANN. §§ 133.107 (West Supp. 2013) (imposing on most convicted defendants a $2 court cost, most of which is remitted to the Comptroller, to fund indigent defense representation); .058(a) (allowing the municipality or county collecting certain fees to retain up to ten percent for collection services). We cannot provide broad answers that will apply in all circumstances.

Your next three questions are similar to the first three but involve a municipal court that is not a court of record. *See* Request Letter at 3–4. "In all appeals to a county court from . . . municipal courts other than municipal courts of record, the trial shall be de novo in the trial in the county court, the same as if the prosecution had been originally commenced in that court." TEX. CODE CRIM. PROC. ANN. art. 44.17 (West 2006). Thus, unlike an appeal from a municipal court of record, a defendant appealing a conviction from a municipal court that is not a court of record may be convicted at the county court level following a trial de novo. *See Schinzing v. State*, 234 S.W.3d 208, 209 (Tex. App.—Waco 2007, no pet.) (explaining that a defendant convicted in a municipal court who appealed to a statutory county court "was again convicted following a trial de novo"). With regard to this scenario, you ask whether a defendant convicted

---

[2]Subsection 30.00014(b) of the Government Code provides that a county court "shall determine each appeal from a municipal court of record conviction . . . on the basis of the errors that are set forth in the appellant's motion for new trial and that are presented in the clerk's record and the reporter's record prepared from the proceedings leading to the conviction or appeal." TEX. GOV'T CODE ANN. § 30.00014(b) (West Supp. 2013). "An appeal from the municipal court of record may not be by trial de novo." *Id.*

[3]You do not ask, and we do not address, whether and to what extent the defendant may incur separate appellate costs and fees when seeking review at the county-court level. *See* TEX. CODE CRIM. PROC. ANN. art. 44.281 (West 2006) ("In misdemeanor cases affirmed on appeal from a municipal court, . . . the costs imposed on appeal shall be collected from defendant . . . .").

in a trial de novo at the county court level would be subject to the county court costs. Request Letter at 3. As an example, you note that the Code of Criminal Procedure provides that a defendant convicted in a county court shall pay a county court technology fee under article 102.0169. *Id.*; *see* TEX. CODE CRIM. PROC. ANN. art. 102.0169(a) (West Supp. 2013). Similarly, if the governing body of a municipality decides to do so, it may require a defendant convicted of a misdemeanor offense in a municipal court to pay a technology fee under article 102.0172. TEX. CODE CRIM. PROC. ANN. art. 102.0172(a) (West 2006). In the scenario you describe, the defendant will initially be convicted in a municipal court and will be subject to the municipal technology fee if the municipality imposes one. Request Letter at 3. Upon review in a trial de novo at the county-level, the defendant will be convicted and will then be subject to the county technology fee. *Id.*

Continuing with this same scenario, you also ask whether any part of the court costs collected at the county level are directed to the city, and which entity, the city or county, is responsible for collecting the court costs intended for the State. *Id.* at 3–4. As discussed above, determining to whom each court cost or fee shall be directed and which entity is responsible for collecting the court costs intended for the State will require analyzing the specific language of the statute imposing the particular cost or fee. You do not ask about any specific statutes or court costs with regard to these questions, and we cannot provide an answer that will be applicable in all circumstances.

Your seventh question asks whether a defendant who is "convicted of multiple counts of an offense in a single criminal action" should be assessed court costs on each count or only once per case. *Id.* at 5. You do not ask about any specific court costs or fees but instead phrase your question in general terms. As you note, some court costs or fees are assessed upon conviction of a single offense, while others are assessed against a defendant or for services in a particular case. *Id.*; *see also* TEX. LOC. GOV'T CODE ANN. § 133.105(a) (West 2008) (imposing a particular fee for conviction of "any offense"); TEX. CODE CRIM. PROC. ANN. art. 102.004(a) (West 2006) (imposing a jury fee on a "defendant convicted by a jury"). In answer to your question, certain court costs and fees may be assessed only once per case, while others may be assessed for each convicted offense within a case, and a determination about a specific cost or fee will require a review of the statute or rule imposing that cost.

Your eighth question concerns whether a convicted defendant may be given credit toward outstanding fines and court costs for time spent in jail after the sentence has been imposed. Request Letter at 6. You explain that if a convicted defendant fails to pay an imposed fine and court costs, the convicting court may order that the defendant be arrested on a capias pro fine and be brought before the court, at which time the judge holds a hearing to address the defendant's nonpayment. *Id.* at 5–6. If the defendant is not taken immediately before the court, the defendant will be placed in jail, and you question whether time spent in jail can be credited against the court costs due. *Id.* You specifically ask about article 45.041 of the Code of Criminal Procedure, which states in relevant part:

(a) The judgment and sentence, in case of conviction in a criminal action before a justice of the peace or municipal

> court judge, shall be that the defendant pay the amount of the
> fine and costs to the state.
>
> . . . .
>
> (c)    The justice or judge shall credit the defendant for time served
> in jail as provided by Article 42.03.

TEX. CODE CRIM. PROC. ANN. art. 45.041 (West Supp. 2013). Article 42.03 states:

> In all criminal cases the judge of the court in which the defendant
> is convicted shall give the defendant credit on the defendant's
> sentence for the time that the defendant has spent:
>
> (1)    in jail for the case . . . *from the time of his arrest and
> confinement until his sentence by the trial court.*

*Id.* art. 42.03, § 2(a)(1) (emphasis added). You suggest that because these statutes only address credits for time served from the time of arrest until sentencing, they would not apply to the situation about which you ask, and we agree. Request Letter at 6. The plain language of articles 45.041 and 42.03 of the Code of Criminal Procedure does not authorize a court to give a defendant credit for time served after the sentence has been imposed. However, other provisions within the Code of Criminal Procedure authorize certain courts to use a defendant's time served to satisfy court fines and costs in specific instances. *See, e.g.*, TEX. CODE CRIM. PROC. ANN. arts. 45.048(a)(2) (West 2006), 43.09(a) (West Supp. 2013). Whether a convicted defendant may be given credit toward outstanding court costs will require analyzing specific facts against the relevant statute authorizing the credit.

Your ninth question concerns the imposition of certain costs when multiple warrants result in a single arrest. Request Letter at 6–7. Article 102.011 of the Code of Criminal Procedure states in relevant part:

> (a)    A defendant convicted of a felony or a misdemeanor shall
> pay the following fees for services performed in the case by a
> peace officer:
>
> . . . .
>
> (2)    $50 for executing or processing an issued arrest
> warrant, capias, or capias pro fine, with the fee imposed
> for the services of:
>
> (A)    the law enforcement agency that executed the
> arrest warrant or capias, if the agency requests of
> the court, not later than the 15th day after the date

of the execution of the arrest warrant or capias, the imposition of the fee on conviction; or

(B)  the law enforcement agency that processed the arrest warrant or capias, if:

(i)  the arrest warrant or capias was not executed; or

(ii)  the executing law enforcement agency failed to request the fee within the period by Paragraph (A) of this subdivision; . . . . ·

TEX. CODE CRIM. PROC. ANN. art. 102.011 (West Supp. 2013). With regard to this provision, you ask "whether separate $50 fees should be assessed when multiple warrants have been processed that result in one arrest." Request Letter at 6. The fee described in subsection (a)(2) is for "*an* issued arrest warrant," indicating that the fee applies to each issued warrant. TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2) (West Supp. 2013) (emphasis added). Furthermore, although you raise the concern "that charging two arrest fees when only one arrest was made [may be] inappropriate," the fee expressly applies even when a warrant is not executed. Request Letter at 7; TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2)(B)(i) (West Supp. 2013). Thus, if multiple warrants have been issued, the language of article 102.011 authorizes a court to assess corresponding fees for each warrant issued.

Your final question asks about a separate fee imposed under article 102.011(a) of the Code of Criminal Procedure "for services performed in the case by a peace officer," specifically, "$5 for commitment or release." TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(6) (West Supp. 2013); Request Letter at 7. You explain that your office understands this language to mean that the fee should be assessed for placing a defendant in jail or releasing a defendant from jail prior to trial. Request Letter at 7. Furthermore, your office does not construe the statute to authorize a fee for release if the defendant is not released from jail prior to trial, nor does your office believe that a fee should be assessed for committing the defendant to jail after the conclusion of the case. *Id.* The express language of article 102.011(a) authorizes fees for services "performed *in* the case." TEX. CODE CRIM. PROC. ANN. art. 102.011(a) (West Supp. 2013) (emphasis added). A court could therefore conclude that any commitment or release from jail after the conclusion of the case will not be a service performed "in" the case and that article 102.011(a)(6) does not authorize fees for those services.

**SUMMARY**

The fee imposed under article 102.005 of the Code of Criminal Procedure applies to a defendant convicted of an offense in a county-level court. A defendant whose conviction from a municipal court of record was affirmed at the county-court level would not be subject to the fees imposed under article 102.005 because the conviction occurred at the municipal level. Unlike an appeal from a municipal court of record, however, a defendant appealing a conviction from a municipal court that is not a court of record may be convicted at the county court level following a trial de novo.

Certain court costs and fees will be assessed for each convicted offense of a defendant, while others will be assessed once per case, and a determination about a specific cost or fee will require a review of the statute or rule imposing that cost.

While articles 42.03 and 45.041 of the Code of Criminal Procedure authorize a court to give a defendant credit only for time served from the time of arrest and confinement until sentencing by the trial court, other provisions authorize certain courts to use a defendant's time served to satisfy court fines and costs in specific instances. Whether a convicted defendant may be given credit toward outstanding court costs will require analyzing specific facts against the relevant statute authorizing the credit.

Article 102.011(a)(2) of the Code of Criminal Procedure authorizes a court to assess a separate fee for each arrest warrant issued even when multiple warrants result in only one arrest.

Article 102.011(a)(6) of the Code of Criminal Procedure authorizes a $5 fee for commitment or release services performed in the case by a peace officer. A court could conclude that any commitment or release from jail after the conclusion of the case will not be a service performed in the case and that article 102.011(a)(6) does not authorize fees for those services.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee